UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

BRANDON RUSSELL STEGAL,

    Petitioner,

v.                                      Civil Action No. 4:22-CV-629-P

BILL WAYBOURN, Sheriff,
Tarrant County, Texas,

    Respondent.

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Tarrant County Jail detainee Brandon Russell Stegal. Pet., ECF No. 1. In response to a Court order, petitioner Stegall filed an amended § 2241 petition. Am. Pet. 1-11, ECF No. 6. More specifically, Stegal seeks relief from a pending criminal charge. Am. Pet. 3, ECF No. 7. Respondent Bill Waybourn filed a response with exhibits. ECF No. 8. Stegall has not filed any reply. After review of the § 2241 petition, response with appendix, and applicable law, the Court concludes that the § 2241 petition must be **DISMISSED**.

**I.**     **BACKGROUND**

On March 10, 2022, Stegal was booked-in to the Tarrant County Jail for the offense of aggravated assault with a deadly weapon. *See* Tarrant County Inmate Search,CID#0974720,https://inmatesearch.tarrantcounty.com/Home/Details?CID=0974720 (last visited March 28, 2023). Bond was set at $35,000. *Id.* Subsequently, Stegall was indicted for the offense of aggravated assault with a deadly weapon, to-wit: a knife on April 13, 2022. *See* Resp. 11-13, Exhibit 1(Record of Criminal Actions, No. D371-1721964-00); 14-15, Exhibit 2 (Indictment, No. 1721964D), ECF No. 8.

On October 6, 2022, Stegal filed a pro se pre-trial application for writ of habeas corpus requesting a bail reduction. Resp., 16-23, Exhibit 3 (Application for Writ of Habeas Corpus, No. 1721964), ECF No. 8. That was Stegal's first state

application for writ of habeas corpus regarding bail bond. See Resp. 18-19, Exhibit 3 ("No previous application has been made for the issuance of a writ of habeas corpus seeking the relief requested herein."), ECF No. 8. At the time of the response, Stegal's pre-trial application for writ of habeas corpus was still pending. Resp. 12, Exhibit 1, ECF No. 8. Court staff inquiry to the Tarrant County District Clerk 's Office on March 28, 2023 confirmed that Stegal's criminal case is still pending, with an upcoming court date of March 31, 2023.

**II.     GROUNDS FOR RELIEF**

Stegal raises the following grounds:

> 1. He is illegally detained and unlawfully restrained as he is innocent and the set bail is excessive.
>
> 2. The original charge and habitual offender notice are the result of prosecutorial vindictiveness and selective prosecution.
>
> 3. He has been falsely accused and the victim of malicious prosecution because the victim has accused him of a crime that did not occur.
>
> 4. There is no probable cause to support his arrest because the only evidence against him is the statements of an impeachable convicted felon.

Am. Pet. 5-6. ECF No. 6.

**III.    ANALYSIS**
   **A.     Abstention**

"[A]bsent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions." *New Orleans Pub. Serv. Inc. v. Council of City of New Orleans*, 491 U.S. 350, 364 (1989) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). That is, federal "[a]bstention is required under the *Younger* doctrine when three conditions are met:

> 1. The federal proceeding would interfere with an ongoing state judicial proceeding;
>
> 2. The state proceedings involve important state interests; and

> 3. The plaintiff/petitioner has an adequate opportunity in the state proceedings to raise constitutional challenges."

*Salas v. Waybourn*, No. 4:19-cv-236-O, 2019 WL 6717905, at *1 (N.D. Tex. Dec. 10, 2019) (citations omitted).

Here, all three of the *Younger* conditions are met. First, there is an ongoing state judicial proceeding: Stegal's criminal case in case number 1721964 (the basis for this petition). Resp. 11-16, Exhibits 1 and 2, ECF No. 8; Am. Pet. 3, ECF No. 6. Second, "[t]he state has a strong interest in enforcing its criminal laws." *DeSpain v. Johnson*, 731 F.2d 1171, 1176 (5th Cir. 1984). Third, Stegal will have a full and fair opportunity to raise his constitutional challenges in the state trial proceedings, on state direct appeal if convicted, and/or through state habeas proceeding after mandate. *Id.* Claims of innocence and insufficient evidence are matters that should first be resolved in the state courts (by trial or appeal) and not litigated by pre-trial federal habeas litigation. *See Onezine v. Warden, Lafayette Parish Correctional Center*, No. 6:14-cv-2692, 2015 WL 66642, at *2 (W.D. La. Jan. 5, 2015) (consideration of whether pending charges should be dismissed on actual innocence grounds must initially be considered and resolved by the state criminal justice system before federal intervention becomes proper).

Further, "[i]f these three prerequisites are met, then a federal court can assert jurisdiction only if 'certain narrowly delimited exceptions to the abstention doctrine apply.'" *Salas v. Waybourn*, 2019 WL 6717905, at *1. "Those narrow exceptions include:

> 1. The state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff,
> 2. The state statute is 'flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it,' or
> 3. Application of the doctrine was waived."

*Id.* at *1, n. 1 (citing *Younger*, 401 U.S. at 49.) None of these exceptions apply here.

In order to demonstrate that the prosecution has acted in bad faith, or the charge has been presented for the purposes of harassing Stegal, he must demonstrate that the prosecution has "no hope of obtaining a valid conviction" or where "irreparable injury can be shown." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (citing

3

*Younger v. Harris*, 401 U.S. at 41). While Stegal asserts that these charges are the result of vindictive, selective, and malicious prosecution, the bases for these claims are that he is actually innocent and the victim is lying. *See* Am. Pet. 5-6, ECF No. 6. A grand jury indicted Stegal for the offense of aggravated assault with a deadly weapon, however, and he makes no showing that the prosecution has "no hope of obtaining a valid conviction." Resp. 14-15, Exhibit 2, ECF No. 8; Am. Pet., ECF No. 6. Likewise, Stegal does not assert that a state statute is unconstitutional. Am. Pet. 5-6, ECF No. 6. Finally, the Respondent has not waived application of the *Younger* doctrine. Thus, the *Younger* exceptions do not apply.

Review of the record shows that this Court should abstain from exercising jurisdiction over this petition for writ of habeas corpus.

### B. Failure to Exhaust State Remedies

Generally, a state pretrial detainee may raise constitutional claims in a federal habeas corpus proceeding under § 2241 by satisfying two requirements. First, he must be in custody. See 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). It is undisputed that Stegal is "in custody" for purposes of § 2241. Second, he must have exhausted his available state remedies. *See Dickerson*, 816 F.2d at 224.

The exhaustion doctrine requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To accomplish this goal, the petitioner is required to argue his constitutionality claims to the state courts—and particularly to the highest court of the state—for review in a procedurally correct manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals ("TCCA") is the highest court in the state which has jurisdiction to review a petitioner's conviction, and it matters not that direct review is discretionary. Tex. Code Crim. Proc. art. 44.45; *see Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985) ("We are persuaded that the exhaustion doctrine requires that the [TCCA] be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts."). This requirement provides state courts with the "opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions," and "limit[s] federal interference in the state adjudicatory

4

process." *Dickerson v. Louisiana*, 816 F.2d at 225 (citations omitted).

Here, Stegal had only just complained about the amount of his bond in the state trial court at the time he filed this § 2241 petition. Resp. 11-13, 16-23, Exhibits 1 and 3, ECF No. 8.  And, Stegal has not raised any of his other claims in the state trial court, let alone in the "highest court in the state." *Id.* at 11-13. Therefore, Stegal is not entitled to pre-trial federal habeas corpus relief on these issues because he has additional state law remedies available to him. *See Dickerson*, 816 F.2d at 224.

Thus, Stegal's claims must alternatively be dismissed for lack of exhaustion.[1]

### III.   CONCLUSION and ORDER

It is therefore **ORDERED** that Brandon Russell Stegal's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** without prejudice.

**SO ORDERED** on this **28th day** of **March, 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

---

1. Because the Court must dismiss the § 2241 petition on the alternative grounds of abstention and lack of exhaustion, the Court does not reach Respondent's additional argument that the relief sought is unavailable in this proceeding. Resp. 9, ECF No. 8.